The Memorandum Decision below is hereby signed.
Dated: September 3, 2008.



S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| ZIAD AKL, | ) | Case No. 07-00256 |
| | ) | (Chapter 7) |
| Debtor. | ) | |
| | ) | |
| | ) | |
| VIRGINIA HOSPITAL CENTER-ARLINGTON HEALTH SYSTEM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Adversary Proceeding No. 07-10026 |
| v. | ) | |
| | ) | |
| ZIAD AKL, | ) | **Not for Publication in West's Bankruptcy Reporter** |
| Defendant. | ) | |

MEMORANDUM DECISION RE THE DEFENDANT'S MOTION FOR ORDER TO SHOW CAUSE WHY VIRGINIA HOSPITAL CENTER AND ITS COUNSEL SHOULD NOT BE HELD IN CRIMINAL CONTEMPT OF COURT FOR FRAUD UPON THE COURT AND WHY MONETARY SANCTIONS SHOULD NOT BE IMPOSED ON THEM

This addresses the motion (the "Motion") filed by the defendant, Ziad Akl, entitled:

> Defendant's Motion for Order to Show Cause Why Virginia Hospital Center and its Counsel Should Not Be Held in Criminal Contempt of Court for Fraud upon the Court and Why Monetary Sanctions Should Not Be Imposed on Them

(Docket Entry No. 61).[1] The court will deny the Motion for the following reasons.

I

The Motion requests that the court hold certain individuals in criminal contempt for certain allegedly false representations they made to the court. The defendant has no authority to prosecute a criminal contempt matter. See Young v. United States ex rel. Vuitton et Fils S.A., 481 U.S. 787 (1987); Griffith v. Oles (In re Hipp, Inc.), 895 F.2d 1503, 1506-1509 (5th Cir. 1990). He does not allege that he has requested that the United States Attorney prosecute the matter. Unless such a request were made and declined, the court would have no authority to appoint private counsel to prosecute the alleged criminal contempt. Id. Even if such a request had been made and declined, the allegations the defendant presents fall far short of the conduct that would warrant a court's appointing special counsel.[2]

---

[1] Although the text the clerk entered that is Docket Entry No. 60 suggests that the Motion was assigned Docket Entry No. 60, the filing that was docketed as Docket Entry No. 60 was a motion (docketed also as Docket Entry No. 59) to delay acting on another motion pending the filing and adjudication of the Motion (Docket Entry No. 61) addressed by this decision.

[2] Because I do not believe that there are reasonable grounds for believing that there has been a violation of any laws of the United States or that an investigation should be had in connection with Akl's assertions, this is not an appropriate case for this court to make a report to the United States Attorney under 18 U.S.C. § 3057. Nor is this an appropriate case for this court to certify to the district court that a criminal contempt may have arisen that the district court may wish to pursue.

II

In any event, this court does not have the authority to hear a criminal contempt matter relating to past conduct not presently occurring in a hearing (as opposed to criminally contemptuous conduct occurring in an ongoing hearing that the court must be able to address in order to maintain decorum). See In re Hipp, Inc., 895 F.2d at 1509-1521; Placid Refining Co. v. Terrebonne Fuel & Lube, Inc. (In re Terrebonne Fuel & Lube, Inc.), 108 F.3d 609, 613 n.3 (5th Cir. 1997); Knupfer v. Lindblade (In re Dyer), 322 F.3d 1178, 1197 (9th Cir. 2003); Price v. Lehtinen (In re Lehtinen), 332 B.R. 404, 412 (B.A.P. 9th Cir. 2005). But see Brown v. Ramsay (In re Ragar), 3 F.3d 1174, 1177-79 (8th Cir. 1993); Graham v. United States (In re Graham), 981 F.2d 1135, 1142 (10th Cir. 1992) (dictum). Here, the bankruptcy case has been concluded except for this adversary proceeding which dealt only with the issue of dischargeability of a particular debt and not the administration of the bankruptcy estate by the chapter 7 trustee. There is no order being enforced via civil contempt sanctions in order to complete administration of the adversary proceeding. Nor is the court called upon to punish for disruptive conduct occurring in an ongoing hearing. Only a criminal sanction for past conduct is at stake. Criminal offenses (such as perjury) that arise in the bankruptcy court are tried in the district court, not the bankruptcy court, unless

Congress has changed that long-standing practice.

As In re Hipp, Inc., 895 F.2d at 1510, discusses, a criminal contempt proceeding is between the public and the party committing the offense, and is not part of the original case. The court whose authority is vindicated via punishment for criminal contempt is the district court of which the bankruptcy court is only "a unit" authorized under 28 U.S.C. § 151 to exercise only the authority conferred under chapter 6 (Bankruptcy Judges) of title 28, U.S. Code (28 U.S.C. §§ 151 through 159). Bankruptcy judges are authorized to hear only two types of proceedings.

Under 28 U.S.C. § 157(b)(1), the bankruptcy court may hear and determine all "core proceedings" arising in a case under title 11 that are referred to it by the district court under 28 U.S.C. § 157(a), but a criminal contempt proceeding, as a proceeding independent of the bankruptcy case itself, cannot be viewed as going to the core of the bankruptcy case. In re Hipp, Inc., 895 F.2d at 1517-18. Even In re Ragar suggested that treating criminal contempt proceedings of the character involved here as core proceedings would be inappropriate.

Under 28 U.S.C. § 157(c)(1), a bankruptcy court may additionally hear a non-core proceeding "that is otherwise related to" the bankruptcy case. A criminal contempt proceeding, however, is not tied to the bankruptcy case but is an independent

criminal proceeding that is not part of the bankruptcy case and that has no impact on the administration of the bankruptcy case. Because criminal contempt proceedings are designed to invoke criminal sanctions to vindicate the public's interest (not the original case's litigants' interest) in punishing a party's willful violation of a court order, and are not part of the civil proceeding, a criminal contempt motion of the character pursued here is not tied to the role that bankruptcy judges play of assuring that a bankruptcy case is fully administered.[3]

A criminal contempt adjudication of the character sought here is for the same reasons not necessary or appropriate to carry out the provisions of the Bankruptcy Code under 11 U.S.C. § 105(a). It is no different than a criminal proceeding to punish for perjury committed in the bankruptcy court. Even if § 105(a) were interpreted as including criminal contempt proceedings of the character pursued here as necessary or appropriate for the *district court* to carry out the provisions of the Bankruptcy

---

[3] Although § 157(b) speaks of referring "proceedings" to the bankruptcy court that arise in or are related to a bankruptcy case without limiting such proceedings as in the bankruptcy jurisdiction statute, 28 U.S.C. § 1334(b), to "civil proceedings," that might be explained by the necessity of the bankruptcy judge to be able to impose criminal contempt sanctions to maintain decorum in the midst of an ongoing hearing. Often civil contempt sanctions (incarcerating a party or witness until she forswears disobedience with the court's order) or other civil sanctions may be just as effective a tool, and that may explain why I have not readily found any decisions addressing a bankruptcy judge's having imposed criminal contempt sanctions to maintain decorum in an ongoing hearing.

Code, 11 U.S.C. § 105(c) makes clear that the authority of a bankruptcy judge to exercise the authority granted by § 105(a) is confined to the power granted to a bankruptcy judge under 28 U.S.C. § 157, and, as demonstrated above, § 157 cannot be viewed as conferring on a bankruptcy judge the power to hear a criminal contempt proceeding of the character pursued here.

Punishing criminal contempt is tied to the power, flowing from the Constitution and express statutory authority, that the Article III judiciary traditionally exercises to vindicate the authority of the court. In re Hipp, Inc., 895 F.2d at 1512-13. Because Congress has not given a clear indication that it intended to let bankruptcy judges punish criminal contempt (other than, possibly, for misconduct occurring presently in the courtroom that must be addressed to maintain decorum in the ongoing hearing), I agree with the reasoning of In re Hipp, Inc. and conclude that the District Court Local Rule referring certain bankruptcy matters to this court does not include criminal

contempt proceedings of the character pursued by Akl's Motion.[4]

III

Because the motion sets forth no basis other than criminal contempt for requesting that the court impose monetary sanctions, the Motion must be denied.[5] An order follows.

[Signed and dated above.]

Copies to: All counsel of record; Office of United States Trustee.

---

[4] Although bankruptcy courts have jurisdiction to issue orders imposing punitive sanctions under Rule 9011(c)(2) of the Federal Rules of Bankruptcy Procedure, those sanctions are designed to encourage compliance with the pleading rules of Rule 9011(b) (being "limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated"), are of a civil character, and are a part of the civil proceeding within which the sanctions are awarded. That serves to distinguish proceedings to recover such sanctions from criminal contempt proceedings addressing past conduct not occurring in an ongoing hearing. Similarly, civil contempt proceedings in a bankruptcy case arise in a civil proceeding and are designed to coerce compliance with an order in that proceeding or to compensate a party in that proceeding for the damage arising from violation of the order.

[5] Akl does not seek sanctions under Rule 9011 of the Federal Rules of Bankruptcy Procedure. The Motion was not one served as required by Rule 9011 at least 21 days prior to the plaintiff's moving for dismissal of its complaint. Akl cannot invoke Rule 9011 to recover monetary sanctions with respect to the complaint. See Rule 9011(c)(1)(A) (a party's motion under Rule 9011(c)(1)(A) may not be filed if the opposing party withdraws the offending paper within 21 days of service of the motion); Rule 9011(c)(2)(B) (court may not impose monetary sanctions against a party's attorneys on its own initiative unless the court issues its order to show cause before a voluntary dismissal of the claims made by the party whose attorneys are to be sanctioned).