The document below is hereby signed.

Signed: October 14, 2009.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

```
                UNITED STATES BANKRUPTCY COURT
                  FOR THE DISTRICT OF COLUMBIA
```

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| ZIAD AKL, | ) | Case No. 07-256 |
| | ) | (Chapter 7) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| VIRGINIA HOSPITAL CENTER – | ) | |
| ARLINGTON HEALTH SYSTEMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Adversary Proceeding No. |
| v. | ) | 07-10026 |
| | ) | |
| ZIAD AKL, | ) | **Not for Publication in** |
| | ) | **West's Bankruptcy Reporter** |
| Defendant. | ) | |

<u>MEMORANDUM DECISION</u>

This addresses a motion to dismiss the defendant's motion for sanctions which seeks sanctions pursuant to 28 U.S.C. § 1927 and pursuant to this court's inherent power to guard against abuses of the judicial process and protect its institutional integrity.  For the reasons set forth below, the motion to dismiss is granted in part and denied in part.

I

The facts underlying the present motions are substantial and complicated.  The plaintiff and the defendant have been involved in several suits filed in state and federal courts in Virginia and Maryland stemming from the plaintiff's termination of Mr. Akl's employment.  In one of the cases, the plaintiff filed a bill of particulars, seeking to recover its attorney's fees pursuant to Virginia Code § 8.01-271.1.  The Arlington Circuit Court granted the plaintiff's motion, awarding it $616,114.41 (the "Arlington Judgment").  Thereafter, the defendant filed the chapter 7 proceeding underlying this case.

In that chapter 7 case, the plaintiff filed the above-captioned adversary proceeding seeking to have this court declare the Arlington Judgment nondischargeable pursuant to Bankruptcy Code § 523(a)(6) (precluding discharge from any debt that arising from the "willfull and malicious injury by the debtor to another entity . . . .").  The defendant timely answered the complaint and then sought to depose Dr. John Garrett, Chairman of the plaintiff's board of directors.  The plaintiff then filed a motion for protective order and to quash the defendant's subpeona.  Prior to ruling on the plaintiff's motion for protective order and to quash, the plaintiff submitted a motion for summary judgment on its § 523 claim.  At a hearing dated March 12, 2008, this court denied the plaintiff's motion for

summary judgment and granted the plaintiff's motion for protective order and motion to quash. On March 14, 2008, the plaintiff moved to dismiss this adversary proceeding.

On April 3, 2008, before ruling on the plaintiff's motion to dismiss, the defendant filed a motion for leave to file a counterclaim against the plaintiff. Simultaneously, the defendant filed his counterclaim, seeking to find plaintiff's counsel in criminal contempt. In a memorandum decision dated September 4, 2008, this court denied the defendant's motion for leave to file a counterclaim and granted the plaintiff's motion to dismiss. Thereafter, on September 11, 2008, the defendant filed a motion for relief from the orders dismissing the adversary proceeding and the order denying leave to file a counterclaim. In a memorandum decision dated October 6, 2008, this court denied the defendant's motion.

Finally, on October 14, 2008, the defendant filed a motion for sanctions pursuant to 28 U.S.C. § 1927 and pursuant to this court's inherent power to sanction against abuses of judicial process against the plaintiff and its attorneys Deborah Baum, Karen-Faye McTavish, and Patrick Potter. In response, these entities filed a motion to strike, dismiss and otherwise deny the

defendant's motion,[1] which the court addresses in this decision.

II

The purpose of a Fed.R.Civ.P. 12(b)(6) motion is "to test the legal sufficiency of the complaint." *Kingman Park Civic Ass'n v. Williams*, 348 F.3d 1033, 1040 (D.C. Cir. 2003).  In deciding a motion to dismiss, although the court "must construe the allegations and facts in the complaint in the light most favorable to the plaintiff . . . ," *Gustave-Schmidt v. Chao*, 226 F.Supp.2d 191, 195 (D.D.C. 2002), the complaint must nevertheless plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and "the court need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint . . . . [nor must it] accept legal conclusions cast in the form of factual allegations." *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). In deciding a 12(b)(6) motion to dismiss, "the Court may only consider the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and

---

[1] The defendant notes and the court acknowledges that, procedurally, these entities' motion is unconventional: the standard response to a motion is an opposition.  Because of the nature of the defendant's motion for sanctions, however, I elect to treat the motion to strike, dismiss or otherwise deny the defendant's motion as I would a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

matters about which the Court may take judicial notice." *Gustave-Schmidt*, 226 F.Supp.2d at 196.

### III

The defendant-debtor in this case has moved the court for sanctions under 28 U.S.C. § 1927 and pursuant to this court's inherent power to guard against abuses of the judicial process and protect its institutional integrity.  With respect to the motion to dismiss the sanctions motion, I will address each claim in turn.

### A.
### 28 U.S.C. § 1927

Section 1927 of Title 28 of the United States Code provides that "any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  *Id.*  In his motion for sanctions, the defendant claims that counsel for the plaintiff violated § 1927 by (i) filing the adversary proceeding seeking to declare the Arlington Judgment nondischargeable; (ii) moving for summary judgment in that adversary proceeding; and (iii) bringing

the motion for protective order and to quash the deposition of Dr. Garrett.

1. Section 1927 Relief Against the Hospital Is Unavailable

The plaintiff contends that the defendant cannot initiate a claim for relief under § 1927 against the plaintiff. While true, nowhere in the defendant's motion does he seek § 1927 relief against the plaintiff: the defendant's § 1927 claims are appropriately limited to the plaintiff's counsel: attorneys Baum, McTavish, and Potter.

2. The 1927 Motion Fails To Allege Wrongdoing by Baum in These Proceedings

Attorney Baum contends that the defendant has failed to allege wrongdoing by her in these proceedings. The defendant alleges that Baum appeared before this court on June 24, 2008, to argue the plaintiff's motion to dismiss the dischargeability complaint and the plaintiff's opposition to the defendant's motion for leave to assert a counterclaim. Because the plaintiff prevailed on both motions and because this was the only instance Baum appeared in this case, Baum argues that, as a matter of law, she cannot be held liable for a § 1927 violation. In his opposition to the motion to dismiss, the defendant claims that by "appearing in the case, Baum . . . affirmed to the Court that the complaint, the motion for summary judgment, and the motion for

protective order had arguable merit." In support of his contention, the defendant relies on *Turner v. Sungard Business Systems, Inc.*, 91 F.3d 1418 (11th Cir. 1996).

In *Turner*, the petitioner sued the respondent for employment discrimination under Title VII of the Civil Rights Act of 1965. *Id.* at 1419. Petitioner's first lawyer instituted the suit against Sungard, but later chose to withdraw as counsel. *Id.* Petitioner then hired a second lawyer who argued a pending motion for summary judgment, on which respondent prevailed. *Id.* Respondent then moved the court for sanctions pursuant to Federal Rule of Civil Procedure 11 against the second attorney. *Id.*

Rule 11 provides, in pertinent part, that "[b]y presenting to the court (whether by signing, filing, submitting *or later advocating*) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, . . . ." Fed. R. Civ. Proc. 11(b) (emphasis added). In *Turner*, the Eleventh Circuit found Turner's second lawyer liable for a Rule 11 violation notwithstanding the fact that the second attorney neither signed nor submitted the complaint instituting the suit to the court because the second attorney later advocated for that complaint in the hearing on summary judgment. *Turner,* 91 F.3d at 1421–22. *Turner* is distinguishable from the present case and,

consequently, defendant's reliance on the case is misplaced.

Assuming for the sake of argument that § 1927 sanctions include "later advocating" for a proceeding that was instituted unreasonably or vexatiously,[2] the defendant has alleged no facts showing that in arguing on behalf of a motion to dismiss and against the defendant's counterclaim that Baum violated § 1927. First, in arguing the motion to dismiss Baum was seeking to put an end to the proceedings the defendant alleges were in violation of § 1927. It is hard to see how in arguing for dismissal of the claim Baum was later advocating for it. Second, in arguing in opposition to the defendant's counterclaim for criminal contempt, Baum also was not arguing in furtherance of the adversary proceeding, the motion for summary judgment, or the motion for protective order. Although the defendant points out that in arguing against his counterclaim Baum took the position that the adversary proceeding had merit and was filed in good faith, in so doing Baum was not advocating in furtherance of the adversary proceeding but in opposition to the counterclaim. It is an important distinction. But for the defendant's counterclaim,

---

[2] The court is not entirely convinced that the reach of § 1927 extends to later advocating. However, because the court finds that Attorney Baum's appearance on the motion to dismiss could not reasonably be found to be later advocating either the § 523 proceeding, motion for summary judgment, or motion for protective order, the court need not reach the issue of whether § 1927's reach includes sanction for later advocating an otherwise vexatious proceeding.

8

Baum's appearance on June 24, 2008, would not have addressed the merits of the underlying adversary proceeding. Baum's arguments at that hearing were solely for the purpose of defeating the counterclaim, not in furtherance of the adversary proceeding, motion for summary judgment, or motion for protective order. In *Turner*, by arguing the motion for summary judgment the second attorney was arguing in furtherance of the underlying cause of action. Baum had no such motive here. Consequently, the § 1927 action against Baum must fail.[3]

3. Akl's § 1927 Claims Are Not Barred by Res Judicata

The plaintiff's attorneys' final argument is that Akl cannot maintain any claims under § 1927 against them because those claims are barred by the doctrine of res judicata.

First, they argue that Akl cannot assert a claim under § 1927 against Baum and McTavish for actions in prior proceedings because such claims are barred for lack of subject matter jurisdiction and by res judicata. Defendant, however, does not

---

[3] The defendant does not contend that in opposing the motion for leave to file a counterclaim Baum vexatiously multiplied proceedings. The court granted dismissal of the plaintiff's claim and denied the defendant leave to file a counterclaim, the precise result sought by Baum. Although the denial of leave to file a counterclaim was premised on this court's lacking subject matter jurisdiction to hear the proposed counterclaim, a ground not advanced by Baum, her advocacy of denial of leave to file the counterclaim cannot be said to have multiplied proceedings.

raise any claims against Baum or McTavish from prior proceedings. Rather, his motion for sanctions is limited to actions in this adversary proceeding.[4]

The plaintiff's attorneys next argue that Akl cannot assert a claim under § 1927 against Potter and McTavish for actions in this proceeding because they are also barred by res judicata, arguing that the court's disposition on the defendant's criminal fraud counterclaim now precludes the defendant from asserting a claim under § 1927. Particularly, they argue that the only difference between the defendant's criminal fraud action and his § 1927 claim is the legal theory for imposing judgment—i.e., that the facts underlying both causes of action are the same.

Res judicata, or claim preclusion, "prevents parties from relitigating issues they raised or could have raised in a prior action on the same claim." *NextWave Personal Comm'ns Inc. v. FCC*, 254 F.3d 130, 143 (D.C. Cir. 2001). "The three elements of res judicata are: (i) a final judgment on the merits in the first action; (ii) the present claim is the same as a claim that was raised or that might have been raised in the first proceeding; and (iii) the party against whom res judicata is asserted was a party or in privity with a party in the previous case." *Jacobsen v. Oliver*, 201 F. Supp. 2d 93, 102-03 (D.D.C. 2002) (citing *Allen*

---

[4] In his opposition to the motion to strike, dismiss, and otherwise deny, the defendant explicitly states that he "never asked this court to impose sanctions based on prior proceedings."

*v. McCurry*, 449 U.S. 90, 94 (1980)).  For two reasons, the defendant's claim is not barred by res judicata.

First, Akl was never allowed to present to this court his criminal fraud claim.  On March 14, 2008, the plaintiff filed a motion to dismiss the adversary proceeding (Dkt. No. 28).  In response to the motion to dismiss, the defendant filed a motion for leave to assert a counterclaim (Dkt. No. 40, filed April 3, 2008).  Simultaneously, the defendant filed his counterclaim (Dkt. No. 41, filed April 3, 2008).  On September 4, 2008, in a published decision, this court denied Akl's motion for leave to assert a counterclaim without addressing the counterclaim itself. *See In Re Akl*, 397 B.R. 546, 556 (Bankr. D.D.C. 2008) (denying Akl's motion for leave to amend the counterclaim).

Second, *In re Akl* denied the motion for leave to amend on the ground that the court would lack subject matter jurisdiction on the counterclaim.  *Id.* at 547.  "A dismissal for lack of subject-matter jurisdiction . . . is not a disposition on the merits and consequently does not have res judicata effect." *Prakash v. American University*, 727 F.2d 1174 (D.C. Cir. 1984). Because *In re Akl* was not a disposition on the merits, res judicata does not apply and the plaintiff's attorneys' motion to dismiss on this basis must fail.

11

Document      Page 12 of 14

B.   The Court's Inherent Power to Sanction

The defendant next moved for relief against the plaintiff and its attorneys under the court's inherent power to sanction. It is well recognized that courts have an inherent power to sanction against abuse of judicial process. *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991); *In re Rainbow Magazine, Inc.*, 77 F.3d 278, 283-84 (9th Cir. 1996) (*Chambers* applies to bankruptcy); *In re Courtesy Inns, Ltd.*, 40 F.3d 1084, 1089 (10th Cir. 1994) (same).  A finding of bad faith is required for sanctions under the court's inherent powers. *United States v. Wallace*, 964 F.2d 1214, 1219 (D.C. Cir. 1992).

Regarding Baum, the defendant has not alleged any facts that show an abuse of judicial process by her.  The only wrongdoing in this proceeding by Baum that the defendant asserts is her advocating for dismissal of the adversary proceeding and denial of the counterclaim.  In neither his lengthy memorandum in support of his motion for sanctions nor in his opposition to the motion to dismiss does Akl allege any bad faith on the part of Baum in these proceedings.  Accordingly, the court finds it appropriate to dismiss any claims against Baum asserted under the court's inherent power to sanction.

The plaintiff, McTavish, and Potter assert the same res judicata defenses used in opposition to the defendant's § 1927 claim.  For the same reasons stated above, the court finds those

defenses without merit.

## IV

## CONCLUSION

The court finds that the defendant has failed to allege sufficient facts to state a cause of action against attorney Baum under either § 1927 or under the court's inherent power to sanction.  Baum's mere advocacy on a motion to dismiss and opposition on a motion for leave to file a counterclaim is, as a matter of law, insufficient for sanctions under § 1927.  Further, the defendant has alleged no facts showing bad faith by Baum in these proceedings that would warrant the court's exercising its inherent power to sanction against her.

The defendant has, however, alleged sufficient facts (1) against attorneys McTavish and Potter to survive the motion to dismiss the § 1927 claim and (2) against the plaintiff, McTavish, and Potter to survive the motion to dismiss the claim under the court's inherent power to sanction.  Accordingly, it is

ORDERED that all claims against attorney Baum are hereby DISMISSED and the motion to dismiss (Dkt. No. 115) is otherwise denied.  It is further

ORDERED that within 14 days of the entry of this order the plaintiff and attorneys McTavish and Potter shall file an opposition to the defendant's Motion for Sanctions (Dkt. No. 110)

and Mr. Potter shall file an opposition to the later-filed Motion for Sanctions (Dkt. No. 124) seeking sanctions for the filing of this motion to dismiss the first Motion for Sanctions.

[Signed and dated above.]

Copies to: All counsel of record; Office of United States Trustee.