The document below is hereby signed.

Signed: April 21, 2010.



```
_____
         S. Martin Teel, Jr.
    United States Bankruptcy Judge
```

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| ZIAD AKL, | ) | Case No. 07-00256 |
| | ) | (Chapter 7) |
|     Debtor. | ) | |
| _____ | ) | |
| | ) | |
| VIRGINIA HOSPITAL CENTER - | ) | |
| ARLINGTON HEALTH SYSTEMS, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | Adversary Proceeding No. |
|     v. | ) | 07-10026 |
| | ) | |
| ZIAD AKL, | ) | |
| | ) | **Not for publication in** |
|     Defendant. | ) | **West's Bankruptcy Reporter** |

MEMORANDUM DECISION AND ORDER DENYING IN PART AND
GRANTING IN PART MOTION OF VIRGINIA HOSPITAL CENTER-ARLINGTON
HEALTH SYSTEMS, PATRICK POTTER, AND KAREN-FAYE MCTAVISH TO
PARTIALLY RECONSIDER, ALTER, AMEND, AND ALTERNATIVELY, CLARIFY
<u>THE COURT'S OCTOBER 14, 2009 MEMORANDUM DECISION AND ORDER</u>

This addresses the Motion of Virginia Hospital Center-Arlington Health Systems, Patrick Potter, and Karen-Faye McTavish to Partially Reconsider, Alter, Amend, and Alternatively, Clarify the Court's October 14, 2009, Memorandum Decision and Order (Dkt. No. 138, filed October 26, 2009). For the reasons set forth

below, I will deny in part and grant in part the motion.

I

The procedural history underlying this motion is as follows. On September 3, 2007, the plaintiff, Virginia Hospital System, commenced the above-captioned adversary proceeding seeking a determination of non-dischargeability of certain of the defendant's debts.  After the defendant, Ziad Akl, answered, Virginia Hospital moved for summary judgment, which I denied at a March 12, 2008, hearing on the matter (Dkt. No. 27).  Thereafter, Virginia Hospital filed a motion to dismiss the adversary proceeding (Dkt. No 28), to which Akl filed an opposition (Dkt. No. 32), asking the court to defer ruling on the motion to dismiss until Akl had an opportunity to file a counterclaim.  On April 3, 2008, Akl filed his motion for leave to file a counterclaim (Dkt. No. 40) and his counterclaim (Dkt. No. 41). Prior to ruling on Virginia Hospital's motion to dismiss and Akl's motion for leave to file a counterclaim, Akl filed a motion to have this court issue an order to show cause why Virginia Hospital and its counsel, Karen-Faye McTavish and Patrick Potter, ought not be held in criminal contempt (the "show cause motion") (Dkt. No. 61, filed June 16, 2008).

In two memorandum decisions (with accompanying orders) dated September 4, 2008, I denied both Akl's motion for leave to file a

counterclaim and his show cause motion (Dkt. Nos. 90-93).  That same date I dismissed the adversary proceeding on the plaintiff's motion (Dkt. No. 93).

On October 14, 2008, Akl then filed a motion for sanctions under 28 U.S.C. § 1927 and, in the alternative, for exercise of the court's inherent power to sanction Virginia Hospital, Potter, McTavish, and Deborah Baum, another of the plaintiff's attorneys (Dkt. No. 110).  In response, Virginia Hospital filed a motion to strike, dismiss, and otherwise deny Akl's motion for sanctions (Dkt. No. 115, filed October 24, 2008).  In a memorandum decision and an order dated October 14, 2009, I granted in part and denied in part Virginia Hospital's motion, dismissing attorney Deborah Baum from the proceeding (Dkt. Nos. 135 & 136).  In response to that decision and order, Virginia Hospital, Potter, and McTavish (respondents) filed the motion currently before the court, to reconsider my October 14, 2009, decision and order.

II

In their motion to reconsider, the respondents put forth several reasons why the court's October 14, 2009, decision was in error.  I will address each in turn.

A

The respondents first argue that I erred in rejecting their res judicata argument.  Particularly, the respondents state that

when I rejected their res judicata argument on the basis that there had been no judgment on the merits, I erroneously relied on my September 4, 2008, memorandum decision and order denying Akl's motion for leave to file a counterclaim for lack of subject matter jurisdiction (Dkt. Nos. 92 & 93). Instead, the respondents contend, I should have looked to my September 4, 2008, memorandum decision and order denying Akl's show cause motion (Dkt. Nos. 90 & 91).

The respondents' first point is correct. In my decision denying the plaintiff's motion to strike, dismiss, or otherwise deny Akl's motion for sanctions, I did cite and rely on the wrong September 4, 2008, memorandum decision. Instead of relying on the decision denying Akl's motion for leave to assert a counterclaim, I should have relied on my decision denying Akl's show cause motion. This error, however, does not affect my decision to reject Virginia Hospital's res judicata argument.

The respondents contend that my decision denying Akl's show cause motion was a judgment on the merits, thereby baring, by operation of res judicata, his claims based on § 1927 and the court's inherent authority to sanction. In support of this position, the respondents quote part of a footnote from my decision. That footnote, in its entirety, reads:

> Because I do not believe that there are reasonable ground for believing that there has been a violation of any laws of the United States or that an investigation should be had in connection with Akl's assertions, this

4

> is not an appropriate case for this court to make a report to the United States Attorney under 18 U.S.C. § 3057. Nor is this an appropriate case for this court to certify to the district court that a criminal contempt may have arisen that the district court may wish to pursue.

(Dkt. No. 90 at n.2). Based on this footnote, Virginia Hospital then argues:

> Both Section 1927 and this Court's Inherent Authority fall within the ambit of the "laws of the United States." As such, and because the facts underlying the Criminal Fraud Motion and the present Sanctions Motion are the same, and because he had the opportunity to litigate alternative theories of liability in his Criminal Fraud Motion, Akl is estopped from now asserting that such facts constitute a basis for the Court to conclude that Respondents violated more or different laws of the United States--i.e., Section 1927 and the Inherent Authority of the Court to sanction.

The four elements of res judicata traditionally applied in this circuit are: (1) an identity of parties; (2) a judgment from a court of competent jurisdiction; (3) a final judgment on the merits; and (4) an identity of the cause of action. *Kelly v. Novastar*, 637 F. Supp. 2d 34, 38 (D.D.C. 2009) (citing *Capitol Hill Group v. Pillsbury Winthrop Shaw Pittman, LLP*, 574 F. Supp. 2d 143, 149 (D.D.C. 2008). The first two elements are clearly met here. The only issues that remain is whether my order denying Akl's show cause motion was a judgment on the merits and whether there is an identity of the cause of action.

"A dismissal for lack of subject-matter jurisdiction . . . is not a disposition on the merits and consequently does not have res judicata effect." *Prakash v. American University*, 727 F.2d

1174 (D.C. Cir. 1984). Although the respondents note that in my decision denying Akl's motion to issue an order to show cause why the respondents ought not be held in criminal contempt I wrote that I did not believe that this was an appropriate case to make a report to the United States Attorney under 18 U.S.C. § 3057 because I did not believe that there were reasonable grounds for believing that there had been a violation of any laws of the United States, the respondents read too much into this line. As I wrote in my order denying Akl's motion to issue a report pursuant to 18 U.S.C. § 3057, this is not a motion Akl had standing to make. Rather, the line the respondents quote was meant to fulfill the court's duty under § 3057 to report, sua sponte, any violations of chapter 9 of title 18.[1] While Akl styled his motion as a motion for the court to issue an order to show cause why the respondents ought not be held in criminal contempt, he did not rely on § 3057 nor did he request the court to refer the matter to the U.S. Attorney.

---

[1]    Section 3057, in relevant part, reads:

(a) Any judge, receiver, or trustee having reasonable grounds for believing that any violation under chapter 9 of this title [18 USC §§ 151 et seq.] or other laws of the United States relating to insolvent debtors, receiverships or reorganization plans has been committed, or that an investigation should be had in connection therewith, shall report to the appropriate United States attorney all the facts and circumstances of the case, the names of the witnesses and the offense or offenses believed to have been committed.

Akl's motion asked the court, by way of a show cause order, to hold the respondents in criminal contempt.  And, as I determined in my decision denying Akl's show cause motion, this court is without subject matter jurisdiction to issue such an order.  Because I denied Akl's show cause motion on subject matter jurisdiction and because I raised § 3057 sua sponte, Akl did not have an opportunity to have this court reach the merits of the facts he alleged gave rise to the claims he asserted in his show cause motion.  Accordingly, dismissal on the basis of res judicata is inappropriate on this basis.[2]

B

The next point of error the respondents raise is that the court should have denied Akl's § 1927 claim against Potter as matter of law because commencing a proceeding cannot be a basis for relief under § 1927.  As Akl states in his response to the respondents' motion to reconsider, however, his § 1927 claims are limited to Potter's and McTavish's bringing the motion for summary judgment and the motion for protective order (Dkt. No. 145, at 10-11).  Consequently, to the extent the court's order of October 14, 2009, stated that Akl's § 1927 claim based on the filing of the complaint was allowed, that order is modified to reflect that Akl has asserted no such claim.

---

[2] Because I have determined that the my order denying Akl's show cause motion was not a final judgment on the merits, need not analyze whether an identity of cause of action exists.

C

Finally, the respondents argue that the court should have dismissed most of Akl's claims because of Akl's failure to plead sufficient facts to state a cause of action under § 1927 and the court's inherent authority to sanction, essentially a motion to dismiss under Rule 12(b)(6).[3]

The purpose of a Fed. R. Civ. P. 12(b)(6) motion is "to test the legal sufficiency of the complaint." *Kingman Park Civic Ass'n v. Williams*, 348 F.3d 1033, 1040 (D.C. Cir. 2003). In deciding a motion to dismiss, although the court "must construe the allegations and facts in the complaint in the light most favorable to the plaintiff . . . ," *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 195 (D.D.C. 2002), the complaint must nevertheless plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and "the court need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint . . . . [nor must it] accept legal conclusions cast in the form of factual allegations." *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

---

[3] Although the respondents did not raise this as a grounds for dismissal in their motion to strike, dismiss, or otherwise deny, because Akl had an opportunity to, and did in fact, respond to the new grounds for dismissal in the respondents' motion to reconsider, I elect to treat this as I would a standard motion to dismiss.

In deciding a 12(b)(6) motion to dismiss, "the Court may only consider the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Gustave-Schmidt*, 226 F. Supp. 2d at 196. For ease of organization, I will address the respondents' arguments in favor of dismissal based on the conduct Akl alleges warrants sanctions

1. Sanctions re the Complaint

The respondents first argue that the court should dismiss Akl's motion for sanctions under the court's inherent authority based on the filing of the complaint because Akl has failed to plead the necessary elements to state a claim for relief under that authority. "Federal courts are endowed with a wide array of inherent powers to protect their integrity and prevent abuse of the judicial process." *Alexander v. F.B.I.*, 541 F. Supp. 2d 274, 303 (D.D.C. 2008). This power, however, "must be exercised with restraint and discretion." *Roadway Express Inc. v. Piper*, 447 U.S. 752, 764 (1980). The Supreme Court in *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991), set forth two such restraints. First, a court "must find some connection between the sanctioned conduct and a process of the court in the litigation before it." *Alexander*, 541 F. Supp. 2d at 303. Second, a court "must make an explicit finding that [the target of the sanctions] acted in bad

faith." *Id. (*internal quotations omitted) (alterations in original).[4]

In their motion to reconsider, the respondents first state that sanctions under the court's inherent authority for the filing of the complaint are only available against Potter and Virginia Hospital, and not against McTavish. This is correct.

Akl's only allegation against McTavish is that by appearing in court on Virginia Hospital's motion for protective order, she thereby became liable for sanctions on the filing of the complaint itself. This connection is too tenuous. Accordingly, to the extent Akl asserts claims against McTavish under the court's inherent authority to sanction relating to the complaint, such claims are appropriately dismissed.

Next, the respondents argue that Akl's remaining claims against Virginia Hospital and Potter for sanctions under the

---

[4] The respondents cite two cases stating that bad faith must be pled with particularity. *See In re Nogosh*, No. 06-5617, 2007 U.S. Dist. LEXIS 61842, at *24 (E.D.N.Y. Aug. 22, 2007); *Fashion Fragrance & Cosmetics v. Croddick*, No 02-6294, 2003 U.S. Dist. LEXIS 5641, at *8 (S.D.N.Y. Apr. 7 ,2003). The court's own research was unable to reveal any other cases with this requirement. Because Fed. R. Civ. Proc. 9(b) only requires that fraud or mistake be pled with particularity and because there is no binding precedent on point, I decline to require that bad faith in the context of a motion for sanctions under the court's inherent authority be pled with particularity. And, in any event, Akl's allegations of bad faith center on the respondents' intent to harass him, increase his litigation costs, and cause collateral damages to him. "Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. Proc. 9(b).

court's inherent authority for filing the complaint should be denied based on a lack of sufficient factual allegations. In support of this contention, the respondents focus on Akl's allegation that the respondents' use of the word "forced" in the complaint was designed to mislead this court into believing that Virginia Hospital held a valid claim against Akl. This, however, is too narrow a reading of Akl's motion.

The crux of Akl's motion for sanctions is that the complaint itself was filed in bad faith, not that any particular language within the complaint is sanctionable. Particularly, Akl alleges Virginia Hospital and Potter commenced this adversary proceeding for the improper purposes of harassing Akl, needlessly increasing his litigation costs, and to cause collateral damage to him. Akl's focus on the word "forced" is intended merely to be evidence that the complaint itself was filed for improper purposes. It is not, though, the lynchpin of his argument. Moreover, although Akl delves extensively into prior proceedings before other courts in his motion, he is only doing so for the purpose of showing the adversary proceeding was without merit; that is, there was no reasonable basis for believing Virginia Hospital's claim against Akl was non-dischargeable. If Akl were able to prove the complaint was meritless and were to prove that Potter and Virginia Hospital commenced this proceeding for the sole purpose of harassing him, that would warrant sanctions.

This is what Akl has pled and this is sufficient to survive a motion to dismiss

Second, because Akl seeks sanctions based on filing a complaint commencing an adversary proceeding in this court, not Virginia or Maryland state or federal courts, he has also met the requirement under *Alexander* that the court find some connection between the sanctioned conduct and a process of the court in the litigation before it. For these reasons, the respondents' motion to dismiss Akl's motion for sanctions for failure to state a claim upon which relief can be granted is denied with regards to Virginia Hospital and Potter.

2. Sanctions re Summary Judgment Motion

The respondents next argue that the court should deny Akl's motion for § 1927 and inherent authority sanctions regarding the summary judgment motion based on a lack of sufficient factual allegations.

a. Section 1927 Claims

Section 1927 provides for sanctions against any attorney who "unreasonably and vexatiously" multiplies proceedings. To make this finding, "evidence of recklessness, bad faith, or improper motive must be present." *LaPrade v. Kidder Peabody & Co.*, 146 F.3d 899, 906 (D.C. Cir. 1998). "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument, or

argues a meritorious claim for the purpose of harassing an opponent." *Soules v. Kauaians For Nukolii Campaign Comm.*, 849 F.2d 1176, 1185 (9th Cir. 1988).

In their motion to reconsider, the respondents start off by stating that Akl's issue is not with the summary judgment motion per se, but with statements made within the motion and certain attachments to it. In his response, however, Akl clearly states that he is seeking sanctions based on the filing of the motion; the statements in the motion, he contends, are evidence of the bad faith of the motion for summary judgment itself. The issue in the first instance, then, is whether the filing of a motion for summary judgment can be, as a matter of law, a basis for sanctions under § 1927.

In their motion to reconsider the respondents begin by asserting that "[a] motion for summary judgment (at least one filed early in the proceeding as in this case) cannot logically be the basis for Section 1927 relief." The respondents, however, cite no authority in support of this proposition. Although, to be sure, it would be rare for a motion for summary judgment to be found to multiply a proceeding, some courts have issued § 1927 sanctions on this basis. *Sweetland v. Bank of American Corp.*, 241 Fed. Appx. 92, 97 (4th Cir. 2007).

In his motion for sanctions and his response to the respondents' motion to reconsider, Akl argues that the motion for

13

summary judgment was sanctionable for two reasons.  First, Akl contends that the motion for summary judgment was sanctionable because it was brought in furtherance of an adversary proceeding that was commenced in bad faith.  Particularly, Akl contends that the adversary proceeding was without merit, Potter knew it was without merit, and brought it solely for the purpose of harassing and causing financial damage to Akl.  Thus, argues Akl, because the summary judgment motion was in furtherance of an adversary proceeding that was brought in bad faith, the motion is sanctionable, too.  Second, Akl argues that the summary judgment motion is sanctionable because, like the adversary proceeding itself, it was without merit, Potter knew it was without merit, and brought it for the purpose of harassing and causing financial damage to Akl.

Turning to Akl's first argument, he should not be allowed to bootstrap the complaint itself into a basis for awarding sanctions under § 1927 regarding the motion for summary judgment.  In essence, Akl's first argument boils down to saying that even if the summary judgment motion itself was not brought in bad faith, because it was in furtherance of an adversary proceeding that was brought in bad faith the motion should be sanctionable under § 1927.[5]  In response to Potter's argument that a § 1927

---

[5] Query, though, whether a motion for summary judgment in an adversary proceeding brought in bad faith could ever itself be brought in good faith.  The more logical choice for a party

claim cannot be brought for commencing a proceeding (as that would not constitute a multiplying of proceedings), Akl has foresworn any claim under § 1927 with respect to the filing of the complaint.  Thus, to the extent Akl is claiming that the summary judgment motion is sanctionable merely because it was in furtherance of an adversary proceeding that might have been brought in bad faith, his claim must fail.

Akl's second argument, however, does set forth a valid claim under § 1927.  Again, Akl alleges that the motion for summary judgment was without merit, Potter knew it was without merit, and the motion was brought for the purpose of harassing and causing financial damage to Akl.  Even if Potter's motion was not frivolous, if he made it for the sole purpose of harassing Akl, as Akl alleges, then that would be a grounds for sanctions under § 1927.  *Soules*, 849 F.2d at 1185.  This is what Akl alleges and, accordingly, dismissal of Akl's § 1927 claim against Potter based on the summary judgment motion itself being filed in bad faith is improper at this time.

Finally, as a corollary from Akl's § 1927 sanctions motion being limited to the act of filing the motion for summary judgment and because McTavish did not sign that motion or advocate in furtherance of it, sanctions against her are

---

seeking to conclude a proceeding brought in bad faith would simply be to dismiss it.

appropriately dismissed.

### b. The Court's Inherent Authority to Sanction

Regarding Akl's claim for sanctions under the court's inherent authority, the respondents also argue that Akl has failed to meet the necessary pleading requirements. As I stated above, in order for the court issue sanctions under its inherent authority, there must be (1) some connection between the processes of the court and the sanctionable conduct and (2) bad faith by the party against whom the movant is seeking sanctions. *Alexander*, 541 F. Supp. 2d at 303.

The requisite connection is here because Akl is seeking sanctions based on a motion for summary judgment filed in this adversary proceeding. Moreover, as I noted above, Akl has alleged that the motion was filed solely for the purpose of harassing him, thereby alleging bad faith. Thus, the respondents' motion to dismiss Akl's motion for sanctions under the court's inherent authority based on filing the motion for summary judgment is denied with regard to Potter and Virginia Hospital. Regarding McTavish, because Akl's motion for sanctions under the court's inherent authority is limited to the filing of the motion for summary judgment and because McTavish neither signed that motion nor advocated on its behalf, Akl's motion for sanctions against her is dismissed.

16

3. The Motion for Protective Order and To Quash Subpoena

The respondents last argue that the court should deny Akl's motion for § 1927 and inherent authority sanctions regarding Virginia Hospital's motion for protective order and to quash a subpoena Akl issued to depose Dr. Garrett based on a lack of sufficient factual allegations.[6]

### a. Section 1927 Sanctions

The basis for Akl's motion for § 1927 sanctions for the filing of the motion to quash is the same as his first argument for sanctions for filing the motion for summary judgment: the adversary proceeding itself was commenced in bad faith, and, therefore, everything subsequently filed in that adversary proceeding, including the motion to quash the subpoena he issued to Dr. Garrett, is sanctionable.  This argument is unpersuasive.

As I stated regarding Akl's motion for § 1927 sanctions based on the filing of the motion for summary judgment, Akl cannot establish a § 1927 claim by showing that the complaint itself was filed in bad faith and by contending that the later motion is sanctionable under § 1927 because it was in furtherance of the complaint and thus unreasonably and vexatiously multiplied

---

[6] The respondents argue in their motion to reconsider that Akl is seeking sanctions based solely on the statements that McTavish made during the hearing on their motion for protective order and motion to quash.  As Akl clarifies in his response to the respondents' motion to reconsider, however, Akl is seeking sanctions based only on the filing of the motions itself, not the statements made by McTavish during the hearing on the matter.

17

proceedings.  Again, Akl has made clear that he is not seeking § 1927 sanctions based on the filing of the complaint.  Moreover, Akl does not contend that the motion to quash itself was filed in bad faith.  Indeed, at a hearing on the matter I granted Virginia Hospital's motion to quash.  Even assuming without deciding that the adversary proceeding itself was commenced in bad faith, for the sole purpose of harassing Akl, it does not follow that a meritorious motion to quash in that proceeding was itself tainted by that bad faith.  And, in any event, because I granted the motion it cannot, as a matter of law, be found to be either "unreasonable" or "vexatious."  Accordingly, Akl's § 1927 claim based on the filing of the motion to quash is appropriately dismissed.

      b. The Court's Inherent Authority to Sanction

Akl's motion for sanctions under the court's inherent authority for the filing of the motion to quash also fails.  As I stated above, one of the requirements for sanctions under the court's inherent authority is bad faith.  Again, Akl does not claim that the motion in its own right was sanctionable; rather, Akl argues that the motion to quash should be sanctionable because the adversary proceeding itself was instituted in bad faith.  This is not enough.

Like Akl's § 1927 claim, he cannot bootstrap the alleged bad

faith filing of the complaint into a basis for imposing an inherent authority sanctions claim for filing the motion to quash.  If the complaint itself were filed in bad faith, Akl's remedy for that filing is to seek sanctions based on that filing.  And, if I were to grant that motion, I would likely award sanctions to Akl for the entire cost of defending the proceeding.  That award, though, would not include the cost of Akl having to contest the motion to quash.

As I ruled at the hearing on Virginia Hospital's motion to quash, Akl issued his subpoena prematurely.  If Akl thought that the entire proceeding was meritless and commenced for the sole purpose of harassing him, he had a duty to mitigate his damages.  In this case, that meant not trying to depose Dr. Garrett prior to determining, by a less intrusive means of discovery, how Virginia Hospital intended to prove that Akl acted willfully or maliciously.  By issuing the subpoena prior to finding this out, Akl failed to mitigate and, therefore, would not be entitled to damages for having to contest the motion to quash.  For these reasons, Akls motion to sanctions under the court's inherent authority based on the filing of the motion for protective order and to quash subpoena is also dismissed.

### III

In accordance with the foregoing, it is

ORDERED that the court's October 14, 2009, Order is modified to reflect that Akl has asserted no § 1927 claims against the respondents based on the filing of the complaint.  It is further

ORDERED that the court's October 14, 2009, Order is modified to reflect that Akl's § 1927 sanctions claim based on the filing of the motion for summary judgment is dismissed to the extent Akl argues that the motion is sanctionable merely because it was in furtherance of the adversary proceeding.  It is further

ORDERED that the court's October 14, 2009, Order is modified to reflect that Akl's § 1927 sanctions claim and sanctions claim under the court's inherent authority based on the filing of the motion to quash are dismissed.  It is further

ORDERED that the court's October 14, 2009, Order is modified to reflect that Akl's claims for sanctions under § 1927 and the court's inherent authority against McTavish are dismissed.  It is further

ORDERED that the motion to reconsider is otherwise denied.[7]

[Signed and dated above.]

Copies to: All counsel of record; Office of U.S. Trustee.

---

[7] Based on the foregoing, the only sanctions claims remaining are as follows: (1) sanctions under the court's inherent authority for the filing of the complaint against Potter and Virginia Hospital; (2) sanctions under § 1927 against Potter for the filing of the motion for summary judgment, except to the extent Akl argues the motion is sanctionable merely because it was in furtherance of the adversary proceeding; and (3) sanctions under the court's inherent authority against Potter and Virginia Hospital for the filing of the motion for summary judgment.