The document below is hereby signed.

Signed: April 23, 2010.



```
_____
            S. Martin Teel, Jr.
       United States Bankruptcy Judge
```

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| In re | ) | |
| | ) | |
| ZIAD AKL, | ) | Case No. 07-00256 |
| | ) | (Chapter 7) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| VIRGINIA HOSPITAL CENTER – | ) | |
| ARLINGTON HEALTH SYSTEMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Adversary Proceeding No. |
| v. | ) | 07-10026 |
| | ) | |
| ZIAD AKL, | ) | |
| | ) | **Not for Publication in** |
| Defendant. | ) | **West's Bankruptcy Reporter** |

MEMORANDUM DECISION AND ORDER DENYING
DEFENDANT'S MOTION FOR ISSUANCE OF A REPORT
TO THE UNITED STATES ATTORNEY UNDER 18 U.S.C. § 3057

On October 23, 2008, the defendant moved this court to issue a report to the United States attorney pursuant to 18 U.S.C. § 3057. Because § 3057 does not provide for a private cause of action on behalf of the defendant, I will deny the motion.

Section 3057(a) of title 18 of the United States Code provides:

> Any judge, receiver, or trustee having reasonable grounds for believing that any violation under chapter 9 of this title [18 USC §§ 151 et seq.] or other laws of the United States relating to insolvent debtors, receiverships or reorganization plans has been committed, or that an investigation should be had in connection therewith, shall report to the appropriate United States attorney all the facts and circumstances of the case, the names of the witnesses and the offense or offenses believed to have been committed.

Nothing in titles 11, 18, 28, or the Federal Rules of Bankruptcy Procedures explicitly empowers the defendant with the right to move the court for this type of relief.  Consequently, the only issue is whether the right should be implied.

The only case the court was able to find that addresses whether § 3057 creates an implied cause of action is *In re Valentine*, 196 B.R. 386 (Bankr. E.D. Mich. 1996).  In *Valentine*, the court found that § 3057 created no implied cause of action in the case of a creditor moving the court to issue a report pursuant to § 3057.  Although *Valentine* dealt with a creditor moving the court to make a report under § 3057, I find its reasoning just as persuasive as to a motion by the debtor in an adversary proceeding.[1]  Accordingly, for the reasons set forth in *Valentine*, it is

ORDERED that the defendant's Motion for Issuance of a Report to the United States Attorney Under 18 U.S.C. § 3057 (Dkt. No.

---

[1] In any event, I conclude that there are not reasonable grounds for believing that the entities against whom the motion is directed have engaged in any violation of law.

2

113) is DENIED.

[Signed and dated above.]

Copies to: All counsel of record; Office of U.S. Trustee.