The document below is hereby signed.

Signed: December 21, 2010.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

```
In re                           )
                                )
ZIAD AKL,                       )    Case No. 07-00256
                                )    (Chapter 7)
          Debtor.               )
_____ )
                                )
VIRGINIA HOSPITAL CENTER -      )
ARLINGTON HEALTH SYSTEMS,       )
                                )
          Plaintiff,            )
                                )    Adversary Proceeding No.
     v.                         )    07-10026
                                )
ZIAD AKL,                       )    Not for Publication in
                                )    West's Bankruptcy Reporter
          Defendant.            )
```

MEMORANDUM DECISION AND ORDER
<u>DENYING DEFENDANT'S MOTION FOR SANCTIONS</u>

The defendant, Ziad Akl, has filed a motion for sanctions under Federal Rule of Bankruptcy Procedure 9011 (Dkt. No. 124) against Patrick Potter for filing his October 24, 2008, Motion to Strike, Dismiss, and Otherwise Deny Defendant's Motion for Sanctions Under 28 U.S.C. § 1927 and in the Alternative for Exercise of the Court's Inherent Power to Sanction Plaintiff and Its Counsel (Dkt. No. 115). Because Akl's motion is procedurally

improper, I will deny it without prejudice.[1]

Fed. R. Bankr. Proc. 9011(c)(1)(A) provides that a motion for sanctions may be initiated by motion. The rule further provides, however, that the motion may not be filed "unless, 21 days after service of the motion . . . the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected . . . ." Akl's motion for sanctions has a certificate of service dated November 25, 2008, the same date he filed the motion. In order to meet the requirements of Rule 9011(c)(1)(A), Akl should have served Potter with the motion by at least November 4, 2008 (or earlier if service by mail made Rule 9006(f) applicable) and filed with his motion a certificate of service reflecting service by at least that date. Akl's failure to serve the motion twenty-one days prior to filing defeats the goal of Rule 9011's safe harbor provision of allowing parties to withdraw offensive filings and avoiding spin-off sanctions litigation. For these reasons, it is

ORDERED that Akl's Motion for Sanctions (Dkt. No. 124) is denied without prejudice.

[Signed and dated above.]

---

[1] The court has already disposed of Potter's motion. I need not decide whether the disposition of Potter's motion will bar any further Rule 9011 motion filed regarding Potter's motion. *See Ridder v. City of Springfield*, 109 F.3d 288, 297 ("[F]iling [of a Rule 9011 motion] must occur prior to final judgment or judicial rejection of the offending contention.").

Copies to: All counsel of record;

Ziad Akl
1041 GlenRoad
Potomac, MD 20854