The document below is hereby signed.

Signed: June 15, 2011



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge


UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                              )
                                   )
ZIAD AKL,                          )    Case No. 07-00256
                                   )    (Chapter 7)
             Debtor.               )
_____    )
                                   )
VIRGINIA HOSPITAL CENTER –         )
ARLINGTON HEALTH SYSTEMS,          )
                                   )
             Plaintiff,            )
                                   )    Adversary Proceeding No.
        v.                         )    07-10026
                                   )
ZIAD AKL,                          )    Not for Publication in
                                   )    West's Bankruptcy Reporter
             Defendant.            )

MEMORANDUM DECISION AND ORDER
DENYING DEFENDANT'S MOTION FOR SANCTIONS

     The defendant, Ziad Akl, has filed a motion for sanctions

under Federal Rule of Bankruptcy Procedure 9011 (Dkt. No. 124)

against Patrick Potter for filing his October 24, 2008, Motion to

Strike, Dismiss, and Otherwise Deny Defendant's Motion for

Sanctions Under 28 U.S.C. § 1927 and in the Alternative for

Exercise of the Court's Inherent Power to Sanction Plaintiff and
Its Counsel ("Motion to Strike") (Dkt. No. 115).  Because I do
not find Potter's Motion to Strike sanctionable, I will deny
Akl's motion.

Pursuant to Federal Rule of Bankruptcy Procedure 9011, the
court may impose sanctions against an attorney if it determines,
on the motion of another party, that the attorney has violated
paragraph (b) of the Rule.  Paragraph (b), in turn, provides as
follows:

> By presenting to the court (whether by signing, filing,
> submitting, or later advocating) a petition, pleading,
> written motion, or other paper, an attorney or
> unrepresented party is certifying that to the best of the
> person's knowledge, information, and belief, formed after
> an inquiry reasonable under the circumstances,–
> > (1)  it is not being presented for any improper
> > purpose, such as to harass or to cause
> > unnecessary delay or needless increase in the
> > costs of litigation;
> > (2)  the claims, defenses, and other legal
> > contentions therein are warranted by existing
> > law or by a nonfrivolous argument for the
> > extension, modification, or reversal of
> > existing law or the establishment of new law;
> > (3)  The allegations and other factual contentions
> > have evidentiary support or, if specifically
> > so identified, are likely to have evidentiary
> > support after a reasonable opportunity for
> > further investigation or discovery; and
> > (4)  the denials of factual contentions are
> > warranted on the evidence or, if specifically
> > so identified, are reasonably based on lack of
> > information or belief.

In his motion Akl sets forth several bases for imposing Rule 9011
sanctions against Potter.  I will address each in turn.

Akl first contends that Potter's Motion to Strike is

sanctionable because it "is the latest in a pattern of malicious conduct by Plaintiff and its counsel that commenced in 2003 and has involved several lawsuits in different courts."  Motion at 4. As I explained in detail in my Memorandum Decision RE Motion of Virginia Hospital Center-Arlington Health Systems and Patrick Potter for Summary Judgment as to Sanctions, Akl has failed to show any such pattern of malicious conduct.  Accordingly, this basis for imposing Rule 9011 sanctions fails.

Akl next contends that Rule 11 sanctions against Potter are proper because a motion to strike, dismiss, or otherwise deny is not a procedurally proper response to a motion for sanctions. Motion at 4.  While Akl is technically correct that the Federal Rules of Bankruptcy Procedure do not contemplate a motion to strike, dismiss, or otherwise deny being filed in a response to a motion for sanctions, such a filing is not sanctionable under Rule 9011.  In effect, the motion to strike included a request under Rule 9006 to defer requiring a response until preliminarily the court dealt with the issues addressed by the motion to strike.  There was good reason to seek such a deferral.  Such a motion to defer does not fall afoul of Rule 9011(b)(2) as it was warranted by existing law.  The only part of Rule 9011 Potter's Motion to Strike could be sanctionable under is (b)(1), but I do not find that it was "being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless

increase in the costs of litigation."  As I have previously
observed, Akl's motion for sanctions, including attachments, was
324 pages long, in unnumbered paragraphs, and at times rambling.
Given that this is litigation collateral to the issue before the
court in the adversary proceeding, Potter was well justified in
treating Akl's § 1927 Sanctions Motion as a complaint and seeking
to limit the proceedings by setting forth several legal bases for
denying the motion without filing an opposition addressing each
factual contention.  In light of these unique facts and Akl's
failure to present any evidence showing that the Motion to Strike
was otherwise presented for an improper purpose, this basis for
imposing Rule 9011 sanctions against Potter likewise fails.

Akl third argues that the Motion to Strike is sanctionable
because Potter argued that § 1927 sanctions were not available
against the Hospital when Akl was only seeking sanctions against
the Hospital under the court's inherent authority.  Although Akl
is correct that his § 1927 Sanctions Motion did not seek § 1927
sanctions against the Hospital, Potter's mistake in this regard
is not a basis for imposing sanctions under Rule 9011.  Again,
Akl's sanctions motion was 324 pages long, rambling, and
contained numerous allegations directed towards the Hospital and
its staff.  That Potter failed to discern that Akl was only
seeking sanctions against the Hospital under the court's inherent
authority is not a ground for imposing Rule 9011 sanctions under

4

these facts.

Akl next argues that the Motion to Strike is sanctionable because it contended that Akl's § 1927 Sanction Motion lacked allegations of wrong doing against Baum in this proceeding.  As I found in my October 15, 2009, Memorandum Decision, however, I agreed with Potter's contention and dismissed the sanctions complaint as to Baum.  Accordingly, this basis for imposing sanctions against Potter under Rule 9011 also fails.

Akl fifth argues that Potter's Motion to Strike is sanctionable because it contended that sanctions were not available against Baum and McTavish for actions in prior proceedings when the § 1927 Sanctions Motion was only seeking sanctions for actions in this proceeding.  Once more, however, although Akl's motion was not, in fact, seeking sanctions for actions in prior proceedings,  Potter's misreading of the § 1927 Motion is not sanctionable under Rule 9011.  The weight of Akl's § 1927 motion focused on actions in prior proceedings not before this court as a basis for finding that these proceedings were instituted in bad faith.  Given this lengthy factual background, Potter's misreading in this regard is understandable.  It does not, though, demonstrate improper purpose or show harassment under Rule 9011(b)(1) and is not otherwise sanctionable under the Rule.

Akl sixth argues that Potter's contention that Akl's § 1927

5

Sanctions Motion was barred by res judicata and collateral estoppel was not warranted by existing law.  In his Motion to Strike, Potter contended that Akl's § 1927 Sanctions Motion was barred based this court's denial of Akl's June 16, 2008, Criminal Contempt Motion.  Specifically, Potter relied on a footnote in the court's opinion where I stated that "I do not believe that there are reasonable grounds for believing that there has been a violation of any laws of the United States."  Criminal Sanctions Desc. at 2 n.2.  Although I disagreed with Potter's argument, finding that res judicata was not proper because I had not reached the merits of the Motion for Criminal Sanctions, the argument was nonfrivolous and, accordingly, not subject to sanctions under Rule 9011.

Finally, Akl contends that Potter's Motion to Strike is sanctionable under Rule 9011(b)(3) and (4) because "without addressing any of the Defendant's factual assertions, Plaintiff conclude[d] that Defendant's motion is 'utterly frivolous,' and 'itself sanctionable' but that the Court need not reach its merits.  Plaintiff further state[d] that there has been no fraudulent or other wrongful conduct by the Hospital in these proceedings."  Motion at 10.  To the extent Akl contends the Motion to Strike is sanctionable because Potter did not address the factual allegations of Akl's § 1927 Sanctions Motion, this argument fails.  Again, in the interest of decreasing the expense

6

of collateral litigation and given the length and nature of Akl's § 1927 complaint, Potter was justified in taking the approach he did.  Second, to the extent Akl contends that the Motion to Strike is sanctionable because it said that his § 1927 Sanctions Motion was "utterly frivolous" and "itself sanctionable," Akl fails to set forth a basis for awarding sanctions.  Moreover, having thoroughly reviewed Akl's § 1927 Sanctions Motion, I cannot say that Potter's contentions in this regard are uncolorable.  Finally, to the extent Akl contends that the Motion to Strike is sanctionable because it states "that there has been no fraudulent or other wrongful conduct by the Hospital in these proceedings," my decision granting the Hospital summary judgment on all of Akl's sanctions claims sufficiently disposes of this issue.

For the foregoing reasons, I will deny Akl's Motion for Sanctions under Rule 9011.  A separate order follows.

[Signed and dated above.]

Copies to: All counsel of record;

Ziad Akl
1041 GlenRoad
Potomac, MD 20854